# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN JOSE NUNO GARCIA and<br>NOEMI RAMIREZ HERNANDEZ,<br>   Plaintiffs,<br>vs.<br>DENNY'S, INC., dba DENNY'S #2110,<br>   Defendant. | Case No. 2:13-cv-02284-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion to Stay Discovery Pending a Decision on Motion for Summary Judgment (#13). Plaintiff does not oppose the granting of the motion to stay.

**BACKGROUND AND DISCUSSION**

This case involves a claim for bodily injury damages resulting from a slip and fall accident in a Denny's Restaurant. Defendant has filed a motion for summary judgment in which it argues that Plaintiff Juan Garcia slipped on a wet floor approximately 15 seconds after an employee had mopped in the area and placed a warning cone that the floor was wet. Plaintiff Garcia, who was attempting to assist a woman who had just slipped and fallen in the area near the warning cone, also slipped and fell near the warning cone. Defendant argues that under these circumstances it fulfilled its duty of care to the Plaintiff and is entitled to judgment as a matter of law. Plaintiffs opposes the motion for summary judgment, but do not oppose staying discovery in this case pending a decision on the motion. Of additional note, Plaintiffs and other witnesses to the accident (which is depicted on a video recording) reside in Mexico. All of Plaintiff Garcia's medical providers are located in Mexico, which will require the parties' counsel to travel to Mexico for depositions.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600–01 (C.D.Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau,* 124 F.R.D. 652, 653 (D.Nev. 1989); *see also Turner Broadcasting System, Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D.Nev. 1997). To establish good cause for a stay, the moving party must show more than an apparently meritorious dispositive motion. *Id.* A district court may stay discovery only when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (per curiam). Common situations in which a court may determine that staying discovery is appropriate occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *See Tracinda Corp.,* 175 F.R.D. at 556.

The Court has reviewed Defendant's pending motion for summary judgment and Plaintiffs' opposition thereto. Based on that review, the Court is persuaded that there is a strong likelihood that the motion will be granted. In view of the foreign location of the Plaintiffs, witnesses, and medical providers, the Court also finds somewhat exceptional circumstances relating to the expense and burden of discovery that justifies the granting of a stay. Accordingly,

**IT IS HEREBY ORDERED** that Motion to Stay Discovery Pending a Decision on Motion for Summary Judgment (#13) is **granted.**

**IT IS FURTHER ORDERED** that the stay of discovery shall be automatically lifted upon the entry of an order denying Defendant's motion for summary judgment. Within 10 days after the entry of such order, the parties shall file a stipulated discovery plan and scheduling order.

DATED this 21st day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge