# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN JOSE NUNO GARCIA and WIFE, NOEMI RAMIREZ HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>DENNY'S, INC. dba DENNY'S #2100, DOES I-XXV; and ROE CORPORATIONS I-XXV; inclusive,<br><br>Defendants. | Case No. 2:13-cv-02284-RFB-GWF<br><br>ORDER |

Before the Court is Defendant's Emergency Motion to Enforce Settlement, ECF No. 55, and Plaintiffs' Response, ECF No. 58.

This matter involves a claim for personal injuries following a slip and fall in a Denny's restaurant on July 22, 2011. It is undisputed that the parties, acting through their attorneys, settled this case via email correspondence for $75,000 on December 6, 2017. ECF No. 55-1. It is also undisputed that Plaintiffs failed to formally sign and return the settlement documents, and that Plaintiffs' attorney has since lost contact with his clients. ECF No. 55-1, 55 -7.

Under federal common law, an attorney presumptively has authority to settle on behalf of the client, only rebuttable by affirmative evidence that the attorney lacked such authority. In re Artha Mgmt., Inc., 91 F.3d 326, 329 (2d Cir. 1996); Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc., 829 F.2d 644, 646 (8th Cir. 1987); Thomas v. Colorado Tr. Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966). The same presumption applies under Nevada law. Doe v. Washoe Cty., 339 F. App'x 747, 748 (9th Cir. 2009); State v. California Min. Co., 15 Nev. 234, 243 (Nev. 1880).

Here, the Court finds that a written settlement agreement was communicated between the parties' lawyers and contains the material terms. Per this agreement, Plaintiffs release their claims in this case in exchange for $75,000.00. The Court finds that no evidence suggests that Plaintiffs' attorney lacked the authority to enter Plaintiffs into this agreement as Plaintiffs' agent. Indeed, Plaintiffs' lawyer affirms in the filed Response that he believed and represented that he made the offer of $75,000.00 with his clients' knowledge and consent. ECF No. 58. Plaintiffs' signatures are not necessary for the enforcement of the settlement, and Plaintiffs are bound to its terms even if they have since changed their mind.

Accordingly,

**IT IS ORDERED** that ECF No. 55 Emergency Motion to Enforce Settlement is **GRANTED**. The Clerk of the Court is instructed to close this matter accordingly, with each party to bear its own costs and attorneys' fees.

DATED: <u>November 19, 2018</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**